UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>KHALE, et al.,<br><br>        Defendants. | No. 1:21-cv-01213-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND AS FRIVOLOUS AND THAT PLAINTIFF'S MOTIONS TO LEAVE BE DENIED<br><br>(ECF Nos. 1, 5, 6, 8)<br><br>TWENTY-ONE DEADLINE |

Plaintiff Israel Maldonado Ramirez is a civil detainee at Atascadero State Hospital and is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his complaint on August 11, 2021. (ECF No. 1). The complaint alleges that Defendants were involved in a conspiracy to contaminate his food with a mixture of infectious diseases, medications, liquid nitrogen and hydrogen, and human/animal waste and bodily fluids. (*Id.* at 5-6). Additionally, the complaint brings a claim for "federal leave," stating that Plaintiff wants Senator Dianne Feinstein, whom Plaintiff has named as a defendant, to "pick [him] up." (*Id.* at 7). The Court concludes that the complaint is frivolous and recommends dismissal without leave to amend.

1

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992). A federal court cannot *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are merely "unlikely." *Denton,* 504 U.S. at 33. However, a complaint may be dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* at 32-33. If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith,* 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II.   ALLEGATIONS IN THE COMPLAINT

The complaint lists the following Defendants: Sgt. Khale; Sgt. Mendoza; Kitchen Staff; Sean (a nurse); Baker (a doctor); Conniseby (an officer); Marshal (which the Court understands to mean the U.S. Marshals Service); Luz (an administrative employee); and Dianna (which the Court understands to mean U.S. Senator Dianne Feinstein). (ECF No. 1, pp. 1-3). Plaintiff brings two claims.

While Plaintiff is currently civilly detained at Atascadero State Hospital, the allegations regarding Plaintiff's first claim concern purported events occurring at the Madera County Jail. (*Id.* at 1). This claim alleges cruel and unusual punishment and false detainment. (*Id.* at 5). While difficult to discern, Plaintiff appears to assert that he was unlawfully imprisoned longer than legally permitted so that Defendants could torture him because he won a lawsuit and also because his continued confinement enriched prison officials.

Specifically, Plaintiff states that "they kept [him] in . . . longer than [] [his] sentence should have been."[1] (*Id.*). People "didn't like [that he] won a lawsuit" and he was "transferred only because Sgt. Khale wanted to proceed with torturing [him]." (*Id.*). Sgt. Mendoza "didn't do nothing to get [him] off modified program because he wanted to get rich by using the data that uses election to get paid" and kept him "longer to suffer [and] to lose [his] mind." (*Id.*). While Plaintiff wanted to leave, "the Marshal didn't do nothing." (*Id.*).

Plaintiff alleges that "they used liquid meds like liquid proxid liquid nitrogen to cause tumors including liquid hydrogen in food to distort [his] brain [and] make [him] lose it." (*Id.* at 5-6). Plaintiff "suffers for months from food dignos with medication that makes holes in your brain liquid proxid liquid nitrogen [and] hydrogen include shit was add that had praval/hiv was added [and] piss with COVID-19 on food that was organized for [him]." (*Id.* at 6). Continuing, Plaintiff indicates that his food has also been contaminated with other human/animal waste and bodily fluids. (*Id.* at 5-6).

///

---

[1] For readability, this Court has corrected clear misspellings and revised punctuation as necessary without indicating each specific change.

Plaintiff appears to assert a conspiracy among the Defendants: "Conniseby knows it he used the mind to do it [and] kitchen did it to inform them, kitchen is guilty of using the mind to organize the plates [of contaminated] food." (*Id.* at 6). Similarly, "Sean nurse gave the meds to people to use on [him]" and Doctor Baker is making his "heart warped with meds . . . they didn't want to see [him] alive." (*Id.*).

As for the effects of this conduct, Plaintiff states that he "presume[s]" that he has "hiv, hepc tumors cancers in [his] leg [and] brain from med they use." (*Id.*). He states that he needs help immediately as the "cancer gets worse by day and day." (*Id.*).

Plaintiff second claim lists "federal leave" as the right that was violated. (*Id.* at 7). Plaintiff says that he wrote to Senator Dianne Feinstein to leave but "she did not let [him] leave." (*Id.*). Plaintiff says he cannot "leave without the Senate Dianne F. like [he is] supposed to." (*Id.*). "[T]he Senate could not get [him] out because of personnel reason." (*Id.*). Plaintiff "want[s] Dianne to pick [him] up." (*Id.*). Plaintiff says he "want[s] to leave with Marshal but they don't help." (*Id.*). Plaintiff states his understanding of "federal leave" as follows:

> For me leave is when you can leave when you want from anywhere you at like prison or any custody you in if you have paperwork even if it's in your FBI note . . . and if it's there you can get out whenever you want for whatever crime you in even if it's kidnapping, murder, rape, capital murder, sexual assault, mayhem everywhere you at in America in the world.

(*Id.* at 7-8).

## III.    FRIVOLITY

The Court recommends dismissing Plaintiff's complaint as frivolous. In summary, Plaintiff alleges a conspiracy to contaminate his food with a mixture of substances, including infectious diseases like COVID-19, because he won lawsuit or because keeping him confined enriched prison officials. First, Plaintiff's allegations of a conspiracy among various groups of prison staff to torture and kill him are wholly incredible and delusional rather than merely unlikely. *See Ezike v. Na. R.R. Passenger Corp.,* 2009 WL 247838, at *1-3 (7th Cir. Feb. 3, 2009) (remanding for dismissal of complaint alleging that plaintiff was the victim of a conspiracy involving various employers, the teamsters, people of Indian descent, AMTRAK police and

armed secret agents); *Monaghan v. Trebex*, 35 F. App'x 651, 651 (9th Cir. 2002) (unpublished) (affirming dismissal as frivolous where plaintiff alleged that he was "the object of a nationwide conspiracy"); *Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018), *appeal dismissed as frivolous*, No. 19-15011, 2019 WL 7425404 (9th Cir. Aug. 27, 2019) (dismissing the case with prejudice for lack of subject matter jurisdiction as "the only appropriate response" to "fanciful allegations" in complaint that "alleges the existence of a vast conspiracy bent on plaintiff's destruction").

Likewise, Plaintiff's allegations concerning the means to his demise— his food's contamination with, among other things, HIV and liquid nitrogen—are completely fanciful. *Campbell v. Baca*, No. 1:12-CV-00151-LJO, 2012 WL 487034, at *2 (E.D. Cal. Feb. 14, 2012) ("Plaintiff's claim that he is the victim of a murder conspiracy relating to his status as a confidential informant, falsely accused of fake crimes relating to child molesting and murder, given a fake name, and contaminated food and water, are patently incredible and unbelievable."); *Ayala v. C.D.C.*, No. 1:04-cv-06194RECLJOP, 2006 WL 1455452, at *2 (E.D. Cal. May 25, 2006) (concluding that plaintiff's allegations that his food was being contaminated with "deinhancing [sic] performance [sic] substances" to be factually fanciful).

Lastly, Plaintiff's belief that there is a program called "federal leave" that will allow him to be released from confinement regardless of any crime he committed, and that Senator Dianne Feinstein will pick him up, is utterly delusional as there is no such authority for his release from confinement. *Cf. O'Brien v. United States Dep't of Justice*, 927 F.Supp. 382, 384-85 (D.Ariz. 1995), *aff'd*, 76 F.3d 387 (9th Cir. 1996) (unpublished) (plaintiff alleged that various defendants including the United States Department of Justice, Ted Kennedy, Andy Williams, Johnny Mathis, Janet Reno, Neil Diamond, Nancy Reagan, the Phoenix Suns, Charles Barkley, the Arizona governor, the Arizona attorney general, and National Basketball Association Commissioner David Stern had assaulted the plaintiff using electronic and satellite equipment, contaminated the plaintiff with germs, and conspired to dictate whom she should marry; court dismissed the action for lack of subject matter jurisdiction because the allegations were "so bizarre and delusional that they [were] wholly insubstantial"). While the Court sympathizes with Plaintiff's professed

feelings of fear stemming from the complaint's allegations, "[n]o matter how sincerely believed by Plaintiff, these allegations are simply too fantastic to warrant the expenditure of further judicial and private resources." *Athans v. Starbucks Coffee Co.*, No. CV-06-1841-PHX-DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007).

Under the authority above, the Court concludes that Plaintiff's complaint is frivolous and recommends dismissal. Because a frivolous complaint cannot be cured, the Court recommends denying leave to amend.

## IV. MOTIONS FOR TO LEAVE

Since the filing of this lawsuit, Plaintiff has filed three motions to leave. (ECF Nos. 5, 6, 8). All these motions are similar and essentially reassert Plaintiff's belief in a program for his release called "federal leave." (*See* ECF No. 6, p. 1 ("I have a federal leave to use for my own cause I need to when to leave I have it on my criminal docket to let me leave it's permission for me get me out the way I want it in relief it's here for good cause a good for me to have.")). Because Plaintiff's allegations concerning "federal leave" are delusional as discussed above, the Court will recommend that each motion be denied.

## V. ORDER AND RECOMMENDATIONS

Based on the above reasoning, IT IS ORDERED that the Clerk of Court is respectfully directed to appoint a district judge to this case; and

Further, after screening Plaintiff's complaint and concluding that it is frivolous, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be dismissed with prejudice without leave to amend;
2. Plaintiff's motions to leave (ECF Nos. 5, 6, 8) be denied; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

6

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 27, 2021**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

7